# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREAUNA L. TURNER,<br><br>                Plaintiff,<br><br>    v.<br><br>GOPAL, *et al.*,<br><br>                Defendants. | Case No. 1:23-cv-01472-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.    <u>Background</u>

Plaintiff Treauna L. Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On March 1, 2024, the Court screened the complaint and found that it failed to state a cognizable claim under 42 U.S.C. § 1983 and improperly joins claims. (ECF No. 9.) The Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (*Id.*) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.* at 13.)

1

On March 25, 2024, the screening order was returned as "Undeliverable, Unable to forward." Plaintiff failed to file an amended complaint, update her address, or otherwise communicate with the Court, and the deadlines to do so have expired.

## II.     Failure to State a Claim

### A.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.     Plaintiff's Allegations

Plaintiff is currently housed at Central California Women's Facility, Chowchilla, California, where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) S. Gopal,[1] prior RN, (2) Mr. Rogers, prior medical, L.T., (3) G. Frutoz, officer,

---

[1] From what the Court is able to determine from Plaintiff's handwriting, Plaintiff spells this Defendant's name

1 and (4) K. Vang, sergeant. Plaintiff alleges as follows.

2 In claim 1, Plaintiff alleges a violation of Due Process during disciplinary proceedings which will result in a "3 to 15 year rollover at (BPH)." Plaintiff alleges that during a breathing exam, R.N. Gopal touched Plaintiff in an inappropriately way by going past her panty line. Plaintiff froze and after the exam, Plaintiff reported R.N. Gopal's misconduct verbally to various medical staff and supervisors and Plaintiff requested that Plaintiff only be examined by a woman R.N. or a doctor. All requests were denied. Plaintiff then reported R.N. Gopal to the health care L.T., Mr. Rogers, requesting a separation order. Mr. Rogers denied Plaintiff's requests because R.N. Gopal was a CDCR staff member. R.N. Gopal's behavior became more aggressive, and he is now meeting Plaintiff as Plaintiff exits from the shower.

Plaintiff filed several administrative appeals from 12/17/21 to 2023. After the first appeal, Plaintiff was unlawfully written up for telling every time R.N. Gopal would put his key into Plaintiff's cell door with custody. Plaintiff became so mentally unstable that the Mental Health had to interfere and enforce that R.N. Gopal does not come near Plaintiff. R.N. Gopal stopped coming to Plaintiff's cell. Months later, Plaintiff was moved to general population.

In claim 2, Plaintiff alleges failure to protect. Plaintiff alleges that "CDCR refused to protect me from a medical staff that I reported sexually violated me." After reporting and filing a CDCR sexual harassment appeal on R.N. Gopal, Plaintiff was verbally threatened by the medical L.T. Rogers, Sgt, Jane Doe and written up. Plaintiff was never informed of being written up until nine months later. Plaintiff became mentally unstable.

Plaintiff then began to report staff misconduct and unlawful write ups to outside agents, office of the inspector general and to the Prison Law office. The sexual harassment still has been disregarded and no one other than the Prison Law office investigated.

On 8/29/23, Plaintiff was issued an unlawful write up by Officer Frutoz and his supervisor K. Vang alleging that Plaintiff refused to respond to a medical appointment. On 10/3/23, Plaintiff gave the write up to medical, and the R.N. stated that she could not find that Plaintiff had missed or refused or rescheduled medical appointments for the date. Plaintiff filed an administrative

---

"Gopal," however, documents attached to the complaint indicate that the person's name may be "Goyal."

appeal, and it is pending.[2]

As remedies, Plaintiff seeks to have CDCR be ordered all RVRs and counseling RVRs be suspended and voided from her central file. Plaintiff also seeks damages.

**C.     Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

**1.     Federal Rule of Civil Procedure 8 and Linkage**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is not a plain statement of claims showing that she is entitled to relief. Many of Plaintiff's allegations are conclusory, do not state what happened, when it happened, or which defendant was involved. General assertions regarding who knew what about Plaintiff are not sufficient, and Plaintiff may not merely state the elements of a cause of action without providing any factual allegations in support of her claims. Further, Plaintiff improperly joins claims.

///

///

---

[2] Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It appears from the fact of the complaint that Plaintiff has failed to exhaust the claim for the 8/29/23 write up. Plaintiff's complaint does not adequately allege that she exhausted her administrative remedies for all of the claims alleged.

4

**2.      Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. The allegations are unclear if the claims are properly joined. For instance, Plaintiff may not bring challenges to the two different "unlawful write ups," and for claim for sexual abuse/harassment and for failure to protect. It is unclear if Plaintiff is challenging the investigation or the disciplinary hearings. These claims are not properly joined and must be brought in separate actions. Merely because Plaintiff was housed at CCWF when the incidents occurred does not make every injury or incident related. Separate unrelated claims must be filed in separate lawsuits.

**3.      Fourteenth Amendment – Due Process**

　　　　a.      <u>Due Process and Disciplinary Hearing</u>

It appears Plaintiff claims Due Process violations for being falsely accused of conduct and possibly, for resulting disciplinary hearings for two "write-ups" and convictions.

Prisoners do not have a liberty interest in being free from false accusations of misconduct. The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia,* 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no

5

constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."). Plaintiff fails to state a claim for the purportedly false accusations.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." *Hill*, 472 U.S. at 455–56 (emphasis added).

///

Plaintiff does not allege factual support that that her disciplinary actions failed to comply with the *Wolff* elements. *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (*Wolff* factors are considered for discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.)

       b. *Heck* Bar

Plaintiff may be attempting challenge her conviction(s) on the disciplinary charge(s). It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

Plaintiff's damage allegations expressly implicate the validity of her confinement. However, Plaintiff may not pursue § 1983 damages for her claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

       c. Fabrication of Evidence

Plaintiff may be attempting to assert a Fourteenth Amendment due process claim, predicated on *Devereaux*, that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (*en banc*); *see*

7

1  *also Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017) ("The Fourteenth Amendment prohibits
2  the deliberate fabrication of evidence by a state official."). The Ninth Circuit derived this right
3  from the Supreme Court's holding in *Pyle v. Kansas*, 317 U.S. 213, 216 (1942), noting that "the
4  knowing use by the prosecution of perjured testimony in order to secure a criminal conviction
5  violates the Constitution." *Devereaux*, 263 F.3d at 1075; *see Theodoropoulos v. Cty. of Los
6  Angeles*, Case No. 2:19-cv-00417-JGB-KES, 2020 WL 5239859, at *4 (C.D. Cal. Jul. 17, 2020)
7  ("[F]abrication of evidence is not a constitutional violation unless the fabricated evidence played
8  a material role in the plaintiff's prosecution.").

9      Deliberately providing false evidence that results in criminal charges or certain
10 administrative penalties can give rise to a due process claim where there was a resulting
11 deprivation of liberty. *Devereaux*, 263 F.3d at 1074–75 (9th Cir. 2001) (*en banc*) ("[T]here is a
12 clearly established constitutional due process right not to be subjected to criminal charges on the
13 basis of false evidence that was deliberately fabricated by the government."). "To prevail on a
14 § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official
15 deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's
16 deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted).
17 To establish the second element of causation, the plaintiff must show "that (a) the act was the
18 cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the
19 absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury,
20 meaning that the injury is of a type that a reasonable person would see as a likely result of the
21 conduct in question." *Spencer*, 857 F.3d at 798 (citations omitted).

22     Here, Plaintiff's allegations are conclusory. Plaintiff has not alleged factual support that
23 the Defendants deliberately fabricated evidence resulting in criminal charges against her.
24 Plaintiff does not allege that she was referred for criminal prosecution.

25                     d.        <u>Failure to Investigate</u>

26     Plaintiff may be challenging the lack of investigation(s). There is no constitutional right
27 for an adequate investigation. *See Devereaux*, 263 F.3d 1070, 1075 (9th Cir. 2011) ("[T]here is
28 no constitutional due process right to have . . . [an] investigation carried out in a particular way.");

1  *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance
2  where the courts have recognized inadequate investigation as sufficient to state a civil rights
3  claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013
4  WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that
5  officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had
6  no constitutional right to any investigation of his citizen's complaint, much less a 'thorough'
7  investigation or a particular outcome"). Indeed, *Devereaux* suggests that investigators must enjoy
8  some measure of constitutional discretion when gauging the truthfulness of the various players in
9  an investigation. *See Devereaux*, 263 F.3d at 1077.

10  As alleged, Plaintiff fails to state facts for the Court to find a plausible claim for failure to
11  investigate.

### 4. Eighth Amendment

#### a. Failure to Protect

14  To establish a failure to protect claim, a prisoner must establish that prison officials were
15  deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Farmer v.*
16  *Brennan*, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective
17  components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). A prisoner
18  must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety;
19  the official must both be aware of facts from which the inference could be drawn that a
20  substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*,
21  511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a
22  substantial risk of serious harm and disregards that risk by failing to take reasonable measures to
23  abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 847).

24  It is unclear if Plaintiff is alleging a failure to protect claim. It is unclear which defendant
25  Plaintiff alleges is responsible for purported failure to protect. Plaintiff has failed to allege any
26  facts that any defendant knew that she was endangered and failed to take corrective action.
27  ///
28  ///

b.  Sexual Harassment

It is unclear if Plaintiff is attempting to allege a claim for sexual harassment. "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)). "In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse. . . ." *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the lat[t]er to be in violation of the constitution." *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citation omitted). Allegations of sexual harassment that do not involve touching have routinely been found 'not sufficiently serious' to sustain an Eighth Amendment claim. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding dismissal of claim premised on allegations that correctional officer unzipped his pants and exposed his penis to an inmate from inside control booth); accord *Somers v. Thurman*, 109 F.3d at 624 ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.").

Plaintiff alleges that Defendant Gopal touched Plaintiff during a medical examination, but fails to allege factual support that Gopal, without legitimate penological justification, touched the

prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

###                    c.        Verbal Harassment

Plaintiff fails to state a cognizable claim for threats. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092). The factual allegations do not support a claim.

### 5.   **Housing**

To the extent Plaintiff attempts to assert a claim for her removal to the general population, she fails to state a claim.

In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.); accord *King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021).

///

### 6. Title 15 Claim

To the extent that Defendants have not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

### 7. Injunctive Relief

Plaintiff seeks to have CDCR be ordered to remove all RVRs. The Court construes this allegation as a request for injunctive relief. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Amer. Refugees v. I.N.S.*, 795

F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, Plaintiff's first amended complaint is overdue, and she has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d

639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's March 1, 2024 screening order expressly warned Plaintiff that her failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (ECF No. 9, p. 13.)  Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

### IV.     **Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 12, 2024**                         /s/ Barbara A. McAuliffe            _
                                                                 UNITED STATES MAGISTRATE JUDGE