UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRE'AUNA L. TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>S. GOPAL, et al.,<br><br>    Defendants. | Case No.: 1: 23-cv-1472 JLT BAM (PC)<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 11) |

    Tre'auna Turner initiated this action seeking to hold the defendants liable for violations of her civil rights by medical staff and correctional officers at Central California Women's Facility. (Doc. 1.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff failed to state a cognizable claim upon which relief may be granted. (Doc. 9 at 4-11.) The magistrate judge observed that Plaintiff combined unrelated claims against unrelated parties. (*Id.* at 4-5.) In addition, the magistrate judge observed that it was unclear whether Plaintiff sought to challenge disciplinary write-ups and disciplinary proceedings, which she believed were unlawful. (*Id.* at 5.) The magistrate judge also found "Plaintiff's damage allegations expressly implicate the validity of her confinement," and were barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). (*Id.* at 7.) The Court granted Plaintiff an opportunity to file an amended complaint. (*See id.* at 7.) However, the U.S. Postal Service returned the Screening Order as "Undeliverable, Unable to Forward" on March 25, 2024.

    After Plaintiff did not file a Notice of Change of Address, the magistrate judge issued Findings

1

and Recommendations, supporting that the action be dismissed with prejudice. (Doc. 11.) The magistrate judge reiterated the findings in the screening order, again finding that Plaintiff's claims were mis-joined and that she failed to state a claim. (Doc. 11 at 5-13.) The magistrate judge found terminating sanctions were appropriate for Plaintiff's failure to prosecute the action and failure to obey the Court's order to file an amended complaint, after considering the factors identified by the Ninth Circuit. (*Id*. at 13-14.) Although the Court served the Findings and Recommendations on Plaintiff at the only address on record, the U.S. Postal Service again returned the document as undeliverable.

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the action. Having carefully reviewed the matter, the Court concludes the finding that Plaintiff failed to state a cognizable claim is supported by proper analysis. Likewise, the finding that terminating sanctions are appropriate are supported by the record and properly analysis. However, it is unclear that Plaintiff could not cure pleading deficiencies identified in the Screening Order, such that the action should be dismissed *without* prejudice.[1] Moreover, to the extent Plaintiff stated claims that were barred by *Heck*, the dismissal on such grounds should be without prejudice. *See Washington v. L.A. County Sheriff's Dep't*, 883 F.3d 1048, 1056 (9th Cir. 2016) ("a *Heck* dismissal is made without prejudice"); *see also Ronje v. King*, 667 Fed. Appx. 968, 969 (9th Cir. 2016) (where the plaintiff's Section 1983 claim barred by *Heck*, the district court erred in dismissing the action with prejudice and the matter was remanded "for entry of dismissal without prejudice"). Dismissal without prejudice is also a suitable sanction for Plaintiff's failure to prosecute. *See Ash v. Cvetkov,* 739 F.2d 493, 496-97 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute"). For these reasons, the Court declines to dismiss the action with prejudice. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on June 12, 2024 (Doc. 14) are **ADOPTED** in part.
2. The action is **DISMISSED** without prejudice.

///

///

---

[1] The magistrate judge initially found Plaintiff should be granted leave to amend to cure the pleading deficiencies, which strongly suggests leave to amend was not entirely futile. (*See* Doc. 9 at 12.)

2

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 3, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE